# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA (FIRST STREET)

| | |
|---|---|
| **GAIL GREENBERG,** | **CASE NO. 2:19-cv-03569-JAK (Ex)** |
| Plaintiff, | **Hon. John A. Kronstadt**<br>**Courtroom 10B – First** |
| vs. | |
| **CITY OF TORRANCE, a public entity; BUY BUY BABY, INC., and DOES 1 through 15, Jointly and Severally,** | **Hon. Charles F. Eick, Magistrate Judge**<br>**Courtroom 750 - Roybal** |
| | **[DISCOVERY MATTER]** |
| Defendants, | **[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS** |
| | *Complaint filed: April 29, 2019*<br>*Trial date: Not set* |

    IT IS HEREBY ORDERED that the Stipulation for Protective Order re Confidential Documents is approved and granted as follows:

## 1.    A. PURPOSES AND LIMITATIONS

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may

be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B. GOOD CAUSE STATEMENT

The parties acknowledge that there are certain types of documents and records that may potentially be discoverable or relevant in this action but whose discovery may be complicated or prohibited by issues of confidentiality, intellectual property, work product protections, or various privileges: such documents potentially include but are not limited to police/peace officer personnel files, including Internal Affairs ("IA") investigation file documents, and comparable official government information; medical records for any natural person who is a party to this action; tax and/or financial records; and comparable records that one typically treats as confidential in the normal course of business or affairs.

In light of the foregoing, the parties further acknowledge that, absent a protective order to limit the use or publication of such documents, in order to preserve the parties' respective interests, the parties might otherwise withhold certain documents from production or disclosure, which can then result in costly discovery disputes potentially requiring Court intervention.

Defendant City of Torrance ("Torrance") further contends that: (1) absent a Pitchess motion and court order thereon (or comparable discovery order),

police/peace officer personnel records – including internal affairs investigation files and related complaints, statements, and records – are deemed confidential and preserved from disclosure under California state law (e.g., California Penal Code §§ 832.7 and 832.8; California Evidence Code §§ 1040, 1043, and 1045); and (2) police/peace officer personnel records are also deemed confidential and private by federal decisional law (e.g., *Sanchez v. Santa Ana Police Department*, 936 F.2d 1027, 1033-1034 (9th Cir. 1990)).

Torrance further contends that police/peace officer personnel files and internal affairs investigation files include information which is both personal in nature and which could potentially impact the liberty interests of the involved police/peace officers named within those files.

Torrance further contends that individual peace officers have an interest in protecting their own privacy rights relating to investigations and other information in their personnel files. Torrance further contends that investigations and information in peace officer personnel files affect peace officers' ability to remain employed, to transfer to other law enforcement agencies, and/or to become employed as law enforcement officers again in the future.

As to each of the paragraphs that include contentions stated only by Torrance (e.g., "Torrance contends..."), Plaintiff and Co-Defendant Buy Buy Baby, Inc. do not necessarily agree with these contentions and in no way concede(s) or stipulate(s) to any of those arguments or contentions.

Torrance further contends that unfettered release of internal affairs investigation files and/or peace officer personnel file records has the potential for untold negative results.

Torrance contends that the TORRANCE POLICE DEPARTMENT (hereinafter as the "Police Department") has the responsibility for conducting internal affairs investigations and maintaining documents related to internal affairs investigations involving the applicable law enforcement agency's officers. Internal

affairs investigation files often become part of the subject peace officer's personnel file.

Torrance contends that random and uncontrolled dissemination of internal affairs investigation files, in particular, could greatly harm peace officers who serve the citizens of the CITY OF TORRANCE (hereafter as the "City").

Torrance further contends that law enforcement agencies, including the Police Department, do not routinely share information contained in internal affairs or other investigations about its employees, or other information contained in peace officer personnel or internal affairs files, unless ordered to do so by a court of jurisdiction. Torrance further contends that within the Police Department, access to personnel and internal affairs files is restricted to those on a "need to know" basis. Torrance contends that controlled access to the files is regarded by the Police Department as essential in order to assure the integrity and security of such files.

Torrance contends that uncontrolled disclosure of information gathered during an Internal Affairs Division investigation, and internal affairs or police investigation case file information generally, can disrupt the vital, day-to-day operations of the Police Department, erode the integrity and security of the files, affect the morale of Police Department or its personnel, and frustrate the legitimate purposes of gathering the information in these files.

Torrance contends that information contained in an internal affairs investigation case file is gathered and maintained in confidence by the law enforcement agency that is the custodian of records of such files, including the Police Department. Torrance further contends that the information gathered in these case files includes the statements of third party witnesses that were collected in confidence. Torrance further contends that witnesses are told that the confidentiality of their statements will be protected and that such statements are for the confidential use of the law enforcement agency that collected them. Torrance further contends that these files often contain embarrassing facts. At a minimum,

Torrance contends that uncontrolled release of such case files would cause a needless intrusion of privacy rights. Torrance further contends that the ability to collect third party witness statements in confidence is essential in order to have honest and open discussions that advance legitimate law enforcement interests such as investigations of misconduct or of crimes.

Torrance contends that internal affairs investigation files are reviewed by appropriate command officers in the law enforcement agency that is the custodian of records of such files, including the Police Department, for several reasons, including: (1) to determine whether the involved officers violated any official or government/law enforcement agency policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved officers is necessary; and (3) to ascertain if Police Department policies and procedures in areas such as supervision, training, and tactics should be modified. Torrance further contends that internal affairs investigation files are an essential instrument for the law enforcement agency that is the custodian of records of such files, including the Police Department, which the Police Department and/or the City uses to conduct a careful, critical self-evaluation, so that it may better serve the citizens of the City, as applicable. Torrance further contends that honest and candid analysis and discussion is necessary to determine whether errors were committed and to prevent further mistakes, if any are discovered. However, Torrance contends that widespread dissemination of internal affairs files may discourage frank discussions about internal matters in the future and may prevent remedial measures.

Torrance contends that the ability of the law enforcement agency that is the custodian of records of such internal affairs investigation files, including the Police Department and the City, to engage in critical self-analysis will be greatly inhibited by random and uncontrolled release of information from internal affairs investigation files. Torrance further contends that it is not unusual that statements

made to officers investigating internal affairs matters, such as allegations of officer misconduct, include those statements that are against the self-interest of the interviewed witnesses – often against the penal interests of those involved, as statements given could lead to criminal liability.

Torrance further contends that peace officers do not have the same rights as the typical citizen when submitting to an internal affairs investigation interview. Torrance further contends that though peace officers may invoke their Fifth Amendment right against self-incrimination, they are compelled under *Lybarger* to give a statement in order to remain employed. Torrance further contends that investigators performing an internal affairs investigation inform officers that they must cooperate in the investigation and that a failure to cooperate will subject them to discipline, up to and including discharge from office. Torrance further contends that California law authorizes this procedure and prevents statements so obtained from being used in any subsequent criminal proceeding. Torrance contends that it is contrary to the principles of fundamental fairness to allow unfettered release of internal affairs investigation case files when an officer's statement has been so compelled, especially when the plaintiff is not requesting this type of release. Additionally, Torrance further contends that unfettered exposure of information in internal affairs investigation files could threaten the safety and well-being of the individuals who provide such information, as well as the safety and well-being of their families and their associates.

Torrance contends that the interest in having critical self-analysis held by the citizens of the City outweighs Plaintiff and Co-Defendant Buy Buy Baby's interest, if any, in an uncontrolled release. Plaintiff and Co-Defendant Buy Buy Baby, Inc. disagree with these contentions and in no way concede to any of these arguments. Plaintiff and Co-Defendant Buy Buy Baby, Inc., through their respective counsel, have executed this Stipulation and [Proposed] Protective Order, and are therefore not requesting this type of uncontrolled release.

Torrance further contends that though Plaintiff and Co-Defendant Buy Buy Baby, Inc. may be entitled to examine the information in select peace officer files for the purposes of Plaintiff's own personal lawsuit and Co-Defendant Buy Buy Baby, Inc.'s defense of that lawsuit, there is no other valid reason to have a copy of a peace officer's personnel file, and Torrance contends that a protective order is necessary to prevent random distribution of such information if and when disclosed for the reasons stated herein above. This Stipulation and [Proposed] Protective Order thus also requires each Plaintiff and Co-Defendant to this action to return the documents produced at the conclusion of this lawsuit. Torrance contends that this requirement ensures that the intrusion into the privacy, employment, and other rights of those involved is limited to the particular case in which the facts are relevant.

As to each of the paragraphs that includes contentions stated only by Torrance (e.g., "Torrance contends..."), Plaintiff and Co-Defendant Buy Buy Baby, Inc. do not necessarily agree with these contentions and in no way concede or stipulate to any of those arguments or contentions.

Torrance further contends that the aforementioned privilege and/or confidentiality interests in Confidential Documents, as applicable, are of such significance that there is a particularized need for their protection by Court Order, particularly in light of the fact that a mere agreement or stipulation between the parties cannot provide an adequate remedy at law for disclosure of Confidential Documents in that the aforementioned negative effects from disclosure cannot be adequately remedied by damages.

In the interest of judicial economy and economy to the parties, the parties further acknowledge and agree to seek a protective order that permits designation of specific subject documents and records after the entry of the protective order, in a manner consistent with this Stipulation.

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

Therefore, in light of the foregoing, the parties agree that certain types of Confidential Documents, records, and/or information should be the subject of a protective order by the Court. Furthermore, Plaintiff and Co-Defendant Buy Buy Baby, Inc., by and through their respective attorneys of record in this action, further agree not to oppose Torrance's statement of Good Cause for the sole purpose of obtaining a protective order that permits the designation of certain documents and/or information as "CONFIDENTIAL." Accordingly, the parties, by and through their attorneys of record in this action, hereby respectfully request that the honorable Court issue an Order with the procedural protections listed herein below.

2.  <u>DEFINITIONS</u>

2.1 Action: This pending federal lawsuit, *Gail Greenberg v. City of Torrance, et al.*, Case No. 2:19-cv-03569-JAK (Ex).

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced

or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, House Counsel and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine

which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   (b)   for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

   (c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

   5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order, or if no date is provided in the Scheduling Order, no later than discovery cut-off dates as ordered by the Court.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)　promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)　promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)　cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)　The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its

best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.  **MISCELLANEOUS**

12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  Filing Protected Material. A Party that seeks to file under seal any

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

///

///

///

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: _8/23/19_

Honorable Charles F. Eick

United States Magistrate Judge

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ in the case of *Gail Greenberg v. City of Torrance, et al.*, **Case

2:19-cv-03569-JAK (Ex)**. I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print

or type full name] of _____ [print or

type full address and telephone number] as my California agent for service of

process in connection with this action or any proceedings related to enforcement

of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**